Filed 9/19/24  P. v. Rodriguez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BENITO MANUEL RODRIGUEZ,<br><br>    Defendant and Appellant. | D082688<br><br><br>(Super. Ct. No. SCS320608) |

APPEAL from a judgment of the Superior Court of San Diego County, Maryann D'Addezio, Judge.  Affirmed as modified.

Melanie L. Skehar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Robin Urbanski and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

After trial, a jury convicted Benito Manuel Rodriguez of burglary (Pen. Code, § 459).[1]  On appeal, Rodriguez contends (1) the trial court erred by sentencing him to three years of probation, and (2) the prosecution's questions to defense witness about charges pending in an unrelated matter constituted misconduct.  The People concede error as to the sentencing issue, and therefore we modify the probation term.  As to the prosecutor's questions to the character witness, we agree that the questioning was misconduct, but we conclude that it was not sufficiently prejudicial to justify reversal.  Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2021, after discovering money had gone missing from the dresser in his bedroom, K.L. set up a camera to film his room in his absence. From the video, he learned that while he was at work, his friend Rodriguez had entered his bedroom through a patio door and had looked through his dresser.  Thereafter K.L. discovered money was missing from the dresser. Upon being confronted with the video, Rodriguez texted:  "I ain't take no money besides today."

Rodriguez was charged with burglary, in violation of section 459 (count 1); grand theft, in violation of section 487 subdivision (a) (count 2); and attempting to dissuade a witness from reporting a crime, in violation of section 136.1 subdivision (b)(1) (count 3).

During motions in limine, the prosecutor noted that Rodriguez had "an open domestic violence, slash, vandalism case" based on conduct and an arrest that occurred after the burglary.  The prosecutor stated that if Rodriguez testified, he would ask the court to permit him to impeach Rodriguez with the

---

[1]     Statutory references are to the Penal Code unless otherwise indicated.

facts of that case, which involved breaking his girlfriend's cellphone by slamming it on the floor. The court ruled that there was to be no mention of the pending charges and that the open vandalism case could not be discussed. The court confirmed the ruling later in the same hearing: "I've already ruled that his open arrests for vandalism cannot be discussed." When the issue was raised in connection with the cross-examination of a defense character witness, the court ruled that the prosecution could impeach testimony about Rodriguez's character for trustworthiness regarding the property of others with the damage to property, but not as to violence.

Specifically, the court ruled:

> "What the law says is that if you introduce evidence of his character as to a certain trait, and in this case, it's honesty and trustworthiness regarding property – regarding the property of others, then the Code permits the prosecution to question regarding other instances where he has not been respectful, honest about someone else's – and trustworthy with someone else's property. Which is why I'm saying, anything about violence, no, I don't think it's relevant. It doesn't counter the testimony of honesty, trustworthiness regarding the property of others. But certainly damaging the property of someone else does."

> "You could certainly ask him, 'Isn't it – would it change your mind if you knew that he had broken the telephone, damaged a telephone of a girlfriend or ex-girlfriend?'"

During cross-examination of N.S., a defense character witness, the prosecutor asked, "Would it change your mind if I told you the defendant had another open case for smashing his girlfriend's phone and breaking it?" The prosecutor asked the same witness, "And again, just to be clear, if the defendant had an open case for smashing a phone and also was before the Court here for stealing, that would not change your opinion of him at all?" Outside the presence of the jury, defense counsel requested a mistrial. The

court declined to grant a mistrial.  Defense counsel proposed a curative instruction:

> "You are to disregard any mention of an open case that was improperly elicited by the prosecution during the examination of [N.S.].  You are not to form your own conclusions or assumptions as to what the prosecution is referring to or use this in your determination of guilt or innocence in this case.  Any facts elicited or inferenced by the prosecution during the questioning of Defense's character witnesses are not to be deemed as true and accurate, nor are they to be used in the determination of guilt or innocence in this case."

The court declined to give the proposed instruction, noting that its points were covered in other jury instructions.

The jury convicted Rodriguez of burglary and found true that it was a burglary of an inhabited dwelling house.  It found him not guilty of grand theft and petty theft, and not guilty of dissuading a witness.  The trial court sentenced Rodriguez to three years of probation.  Rodriguez timely appeals.

DISCUSSION

A.    *We accept the People's concession as to the term of probation*

As noted above, the trial court sentenced Rodriguez to three years of probation.  However, because there was no evidence that anyone else was present in the residence during the burglary, pursuant to section 1203.1, subdivision (a), the probation term is limited to two years.  We accept the concession and remand for resentencing.

B.    *Prosecutor's Questions to Defense Character Witness*

"It is misconduct for a prosecutor to violate a court ruling by eliciting or attempting to elicit inadmissible evidence in violation of a court order."  (*People v. Crew* (2003) 31 Cal.4th 822, 839 (*Crew*).)  Here, notwithstanding the court's in limine ruling that there was to be no mention of the pending charges and

4

that "his open arrests for vandalism cannot be discussed," the prosecutor twice asked a defense witness whether he was aware of a pending case against Rodriquez. Further, the court had ruled that the prosecutor could not include a reference to violence when impeaching a character witness's testimony about trustworthiness with the property of others, but the prosecutor included a violent reference ("smashing [a girlfriend's] phone") in his questions to a character witness.

Thus, by violating the court's order, the prosecutor committed misconduct. (*Crew, supra,* 31 Cal.4th at p. 839.) However, "[a] defendant's conviction will not be reversed for prosecutorial misconduct, however, unless it is reasonably probable that a result more favorable to the defendant would have been reached without the misconduct." (*Ibid.*)

On appeal, Rodriguez does not challenge the court's denial of his request for mistrial, but instead argues that he was denied a fair trial because of the prosecutor's cross-examination questions to N.S. about his knowledge of "an open case for smashing his girlfriend's phone and breaking it."

" 'Statements of supposed facts not in evidence . . . are a highly prejudicial form of misconduct, and a frequent basis for reversal.' " (*People v. Rodriguez* (2020) 9 Cal.5th 474, 480, quoting *People v. Hill* (1998) 17 Cal.4th 800, 828.) After a court has ruled on the limitations of cross-examination of defense witnesses, a prosecutor must use great care to frame questions in a way that complies with the ruling. Here, whether the prosecutor misunderstood the rulings, or forgot them, or ignored them, the questions were misconduct, and therefore we turn to the effect of the misconduct on the trial.

We conclude that it is not reasonably probable that the jury would have decided not to convict Rodriguez in the absence of the misconduct. First, the difference between an appropriate question under the court's in limine ruling

5

(e.g., "Would it change your mind if I told you the defendant had broken a friend's phone?") and the improper questions ("Would it change your mind if I told you the defendant had another open case for smashing his girlfriend's phone and breaking it?") is fairly small.

Second, the case against Rodriguez was strong. K.L. testified that after he realized that money was missing from his dresser, before he left for the day, he left money in his dresser drawer and set up a motion-activated recording device in his room. When K.L returned to his room later that day, the money that had been in K.L.'s drawer was no longer there, and when K.L. reviewed the recording, he saw Rodriguez had entered his bedroom in his absence and had gone through his belongings, including his dresser drawer.[2] In his testimony, Rodriguez did not dispute that he went into K.L.'s bedroom through the sliding glass door and that he opened and looked through K.L.'s belongings, including the dresser drawer. He testified that he was looking for some of his own personal property. Rodriguez denied that he took the money, and he explained that the text he sent to K.L. later in the day ("I didn't take no money besides today, LOL") was the result of typing quickly, out of anger. The only relevant factual difference between the two accounts was whether Rodriguez had taken money that K.L. testified that he had left in his dresser.

The jury viewed the video recording of Rodriguez in K.L.'s room and was able to observe the testimony of both Rodriguez and K.L. and assess their respective credibility. There were no questions posed to either of these two key witnesses that related to the subject of the pending case against Rodriguez. Further, because the jury acquitted Rodriguez of three of the four charges

---

[2] The witnesses disagreed as to whether the video showed Rodriguez holding the money. K.L. testified that the recording showed the rectangular shape of money in Rodriguez's left hand, but Rodriguez testified that it did not.

against him, it is clear that the jury had not been swayed by passion or prejudice in its consideration of the evidence. In light of the strength of the case against Rodriguez, the relative insignificance of the two questions posed to a character witness, and the jury's discernment in considering the counts alleged against Rodriguez, we conclude that there is not a reasonable probability of a different outcome had the prosecutor not questioned the witness about a pending case. (*Crew, supra,* 31 Cal.4th at p. 839; see also *People v. Watson* (1956) 46 Cal.2d 818, 836.

Rodriguez argues that the misconduct here tainted his case such that his federal due process rights were violated. He urges us to conclude that the error was not harmless beyond a reasonable doubt, the standard articulated in *Chapman v. California* (1967) 386 U.S. 18, 24. We review such a claim as a legal question, subject to de novo review. (*People v. Uribe* (2011) 199 Cal.App.4th 836, 858.) The misconduct here did not result in a trial that was so unfair that it violated Rodriguez's constitutional rights; but for the reasons articulated above, even if we were to conclude otherwise, under the *Chapman* standard, the prosecutor's misconduct was harmless beyond a reasonable doubt.

Finally, Rodriguez contends that the court compounded the prosecutor's misconduct by refusing to give the curative instruction he proposed. We agree with the People's position that the curative instruction would have been duplicative of other instructions given by the court, including that the attorneys' questions are not evidence and that questions to character witnesses are not evidence that the defendant engaged in such conduct. "We presume the jury understood and followed the court's instructions." (*People v. Lima* (2022) 80 Cal.App.5th 468, 481.)

## DISPOSITION

The judgment is modified to reduce the length of probation to two years and the trial court is directed to amend the probation order accordingly. As modified, the judgment is affirmed.

KELETY, J.

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.